**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KRISTY EILEEN ZIMMER,

    Plaintiff,

vs.                                                                                                CASE NO. 6:11-cv-986-Orl-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AND OPINION**

This case is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned (Docs. #12 & #17). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **REVERSED and REMANDED for further proceedings**.

**I. Procedural History**

Plaintiff filed applications for a period of disability and disability insurance benefits, alleging disability beginning May 1, 2008 (Tr. 123-30). Plaintiff's applications were denied initially and upon reconsideration (Tr. 65-74). Plaintiff requested an administrative hearing, which was held on November 3, 2009 (Tr. 32-64). The administrative law judge ("ALJ")

issued a decision denying Plaintiff's applications on December 10, 2009 (Tr. 18-27). Plaintiff filed a request for review, which the Appeals Council denied on April 15, 2011 (Tr. 1-6).  Plaintiff filed the instant action in federal court on June 14, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.[1]   See 20 C.F.R. § 404.1520[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through December 31, 2008 (Tr. 23).  At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2008, the alleged onset date, through her date last insured of

---

[1] First, if a claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

December 31, 2008. *Id.* At step two, the ALJ found Plaintiff suffered from the severe impairment of degenerative disc disease. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b) (Tr. 25). Considering this RFC, the ALJ found that Plaintiff was capable of performing her past relevant work of tanning salon owner, physician referral coordinator, and emergency room registrator (Tr. 27). Therefore, the ALJ found that Plaintiff was not under a disability at any time from May 1, 2008, the alleged onset date, through December 31, 2008, the date last insured. *Id.*

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

**IV. Analysis**

Plaintiff raises three issues on appeal. First, Plaintiff argues the ALJ failed to address the severity of the following impairments: chronic migraine headaches; L4-5 herniated disc status post L4-5 lumbar laminectomy in 2003; and left lower extremity radiculitis. Second, Plaintiff argues the ALJ failed to fully consider whether her impairments meet or equal Listing 1.04A Disorders of the Spine. Third, Plaintiff argues the ALJ erred in evaluating Plaintiff's credibility with regards to her pain testimony, and the residual functional capacity is not supported by substantial evidence.

Upon review of the arguments raised and the record as a whole, the Court finds the case must be reversed and remanded because the ALJ failed to evaluate Plaintiff's credibility in accordance with applicable law. As the Court has determined this case is due to be remanded for further proceedings, it is unnecessary to address the other issues raised by Plaintiff. *See Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand).

The ALJ must consider all of a claimant's statements about her symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1529. In so doing, the ALJ must apply the Eleventh Circuit's three-part pain standard, which requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence substantiating

the severity of the pain asserted; or (3) the objective medical condition can reasonably be expected to give rise to the pain asserted. *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). Once a claimant establishes through objective medical evidence an underlying medical condition exists that could reasonably be expected to produce pain, 20 C.F.R. section 404.1529 provides that the Commissioner must consider evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms in deciding the issue of disability. *Foote,* 67 F.3d at 1561. Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir.1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

In the instant case, the ALJ properly applied the Eleventh Circuit's pain standard. The ALJ specifically stated he found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Tr. 27). However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the RFC assessment finding Plaintiff capable of the full range of light work. *Id.*

When an ALJ decides not to credit a claimant's testimony about her subjective limitations or pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)*; Jones v. Dep't of Health & Human Servs.,* 941 F.2d 1529, 1532 (11th Cir.1991). The ALJ's reasons to discredit Plaintiff's testimony must be supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Additionally,

the Code of Federal Regulations sets forth seven factors that an ALJ should consider in addition to the objective medical evidence when assessing the credibility of the claimant's statements: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications used to alleviate pain or other symptoms; (5) treatment other than medication, received for relief of pain or other symptoms; (6) any measures, other than treatment, used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* Social Security Ruling 96–7p.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.

Here, the ALJ noted there were "inconsistencies in claimant's testimony and reported statements that make the undersigned doubt the claimant's credibility" (Tr. 26). Specifically, the ALJ articulated four reasons for finding Plaintiff not credible. However, the reasons provided by the ALJ for discrediting Plaintiff's testimony are not supported by substantial evidence for the reasons discussed below.

First, the ALJ stated Plaintiff "alleged at the hearing she has carpel [sic] tunnel that prevents her from grasping objects and causes her hands [to] go numb" (Tr. 26).  The ALJ found Plaintiff had not reported this to any of her treating or pain management physicians, and her ability "to pick up her car keys and grasp the steering wheel to drive are inconsistent with this allegation." *Id.* Upon review of the hearing transcript and the record,

7

the Court finds the ALJ misrepresented Plaintiff's testimony. With regards to her carpal tunnel, Plaintiff testified as follows:

> Plaintiff's Attorney: Now, you mentioned some other problems that you had . . . Can [you] describe the symptoms you're having with carpal tunnel?
>
> Plaintiff: My fingers go numb. They ache. They – my fingers are – the finger tips are numb, but my hands – they ache all the time.
>
> Plaintiff's Attorney: Okay. Do you have any problems grasping or lifting objects?
>
> Plaintiff: Yes. I mean, I can pick up my keys. I'm not saying I can't pick anything up. But – and it's – it's worse at certain times than it is other times.

(Tr. 47). Contrary to the ALJ's representation, Plaintiff never testified that her carpal tunnel prevented her from grasping and picking up objects. She actually testified she could pick up her car keys, but had trouble at times. Thus, Plaintiff's allegation that she experiences numbness and achiness in her fingers and hands is not inherently inconsistent with her driving abilities. Additionally, the record reflects Plaintiff had reported her carpal tunnel symptoms to her physicians, was diagnosed with the condition and received treatment. On June 7, 2004, Plaintiff presented to Dr. Charles Stewart reporting "problems with pain and numbness in both hands" (Tr. 537). Dr. Stewart found Plaintiff's three "provocative tests for carpal tunnel [were] positive," diagnosed her with bilateral carpal tunnel, and gave her splints to wear. *Id.* On July 26, 2004, Plaintiff reported to Dr. Devin Datta she was experiencing numbness in all of her fingers and both hands (Tr. 273). Records from February 2006 and September 2009 reflect Plaintiff's reported history with carpal tunnel syndrome (Tr. 450, 532). These records belie the ALJ's assertion that Plaintiff never reported these symptoms to her physicians.

8

Second, the ALJ found "the range of the claimant's activities, including preparing simple meals, driving, showering, light house cleaning, and being able, on some days, to walk for thirty minutes and bath and feed her three year old daughter, are inconsistent with her complaints and do not support an inability to perform any work" (Tr. 26). Again, the Court finds the ALJ has not accurately represented Plaintiff's testimony regarding her activities of daily living, and this reason is not supported by substantial evidence.

Plaintiff testified she does not take care of her daughter on her own, and her parents help her an average of five days a week (Tr. 50). Plaintiff testified on an average day she gets up with her daughter, takes a shower, goes to her mother's house, takes her medication, lies down on a heating pad, sits with her daughter while she is eating or playing, watches movies in bed, and stays at her mother's house until after dinner (Tr. 52-53). She testified she has to lie down off and on all day for an hour and a half to five hours depending on her pain level (Tr. 55). She stated she never has a day where she does not need to use a heating pad and she uses heated seats in her car while driving (Tr. 51, 55). She stated her mother and husband do most of the cooking (Tr. 53). She stated her husband does the grocery shopping and yard work (Tr. 54). She stated she does light cleaning because "there are certain things that I have to do" but her mother and husband help her (Tr. 54). She testified it takes her thirty minutes to walk around a block and sometimes she is not able to make it all the way around (Tr. 49). She testified the most basic activities, such as walking, cooking, and washing dishes, take her a long time to complete (Tr. 49, 54).[3]

---

[3] The Court notes Plaintiff's testimony is corroborated by a statement given by her
(continued...)

9

Considering her testimony as a whole, Plaintiff testified to a fairly minimal range of daily activities that take a considerable toll on her. The activities cited by the ALJ in his decision – preparing simple meals, driving, showering, light house cleaning – are basic activities that most people must engage in on an average day, whether they are experiencing pain or not. The Eleventh Circuit has previously noted that a claimant's admission that she participates in "everyday activities of short duration, such as housework or fishing," does not necessarily disqualify the claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997); *see also Cavarra v. Astrue*, 393 Fed. Appx. 612, 614 (11th Cir. 2010)[4] ("[T]hese somewhat minimal daily functions [performing basic household chores, cooking, driving, and attending church] are not comparable to typical work activities."). Other courts have consistently "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); s*ee Carradine v. Barnhart*, 360 F.3d 751, 755-56 (7th Cir. 2004) ("[The ALJ] failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week. [Plaintiff] does not claim to be in wracking pain every minute of the day. When she feels better for a little while, she can drive, shop, do housework. It

---

[3](...continued)
mother (Tr. 207-14). Plaintiff's mother stated Plaintiff comes to her house almost every day, she helps take care of Plaintiff's daughter and does all of her major cleaning, and Plaintiff uses a heating pad a lot and complains of pain constantly (Tr. 207-09).

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. See also 11th Cir. R. 36-2.

does not follow that she can maintain concentration and effort over the full course of the work week." (internal citations omitted)); *Balsamo v. Chater*, 142 F.3d 75, 81 (2nd Cir. 1998) ("[W]hen a disabled person gamely chooses to endure pain in order to pursue important goals, such as attending church and helping his wife on occasion go shopping for their family, it would be a shame to hold this endurance against him in determining benefits unless his conduct truly showed that he is capable of working." (internal quotations omitted)); *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." (citing *Frey v. Bowen*, 816 F.2d 508, 516 (10th Cir. 1987)); *Smith v. Califano*, 637 F.2d 968, 971 (3rd Cir. 1981) ("[S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee.  Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity."); *Yawitz v. Weinberger*, 498 F.2d 956, 960 (8th Cir. 1974) ("[T]he fact that [plaintiff] drives, goes camping and works around the house on occasion is not substantial evidence that he can engage in substantial gainful activity. The entire record reveals many limitations on the claimant's activities totally ignored by the administrative law judge in making his decision.").

Here, the ALJ selected certain discrete admissions by Plaintiff about her daily activities, restated them out of context, and ignored her testimony that these activities are significantly affected by her pain.  *See Foote*, 67 F.3d at 1561 (finding ALJ's citation to

11

claimant's testimony as to her daily activities – including cooking, driving, shopping, walking, and light housework – was not sufficient to support his conclusion that her pain was not disabling where "there was other testimony indicating [claimant's] daily activities have been significantly affected"); *Cavarra*, 393 Fed. Appx. at 616 (finding ALJ mischaracterized claimant's testimony about daily activities where he ignored testimony that claimant could only do basic chores with difficulty or with help from friends and family). Contrary to the ALJ's assertion, Plaintiff's testimony of her limited daily activities is not inconsistent with her complaints of pain.[5]  Moreover, the ALJ acknowledged Plaintiff was only able "on some days" to walk for thirty minutes and bath and feed her three year old daughter (Tr. 26).  The ability to do certain basic activities "on some days" does not

---

[5] This case is similar to *Clifford v. Apfel*, wherein the Seventh Circuit found substantial evidence did not support the ALJ's credibility determination because the plaintiff's testimony regarding her activities of daily living was not inconsistent with her claims of disabling pain. 227 F.3d 863, 872 (7th Cir. 2000).  The court explained that the plaintiff's minimal daily activities did not establish she was capable of engaging in substantial physical activity.  *Id.*

> For example, Clifford testified that her typical household chores took her only about two hours to complete. Clifford indicated that she had to rest while doing household chores. She stated that she cooks, but only simple meals. She also indicated that she could vacuum, but it hurts her back. She stated that she goes grocery shopping about three times a month and "sometimes" carries groceries from the car to the apartment. She further stated that she could lift a twenty pound sack of potatoes, but she "wouldn't carry it long." Clifford testified that her husband helps her with the household chores whenever possible. While she babysits her grandchildren, she indicated that her depression is aggravated while watching them. In regard to walking, Clifford stated that she walked to get exercise at her doctor's suggestion. However, she stated that she must rest after walking anywhere between three and five blocks. Clifford further indicated that she plays cards (two rounds) about twice a month. Thus, her testimony on her daily activities does not undermine or contradict her claim of disabling pain.

*Id.*

necessarily translate into the ability to perform work functions eight hours a day for five days a week. Furthermore, activities in the home are not necessarily transferable to the "more grueling environment of the workplace," where the claimant may not have the freedom to rest or take medication at will. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Cavarra*, 393 Fed. Appx. at 614 ("[T]he ALJ did not explain how the ability to perform basic household chores with difficulty qualified [claimant] to perform medium work . . . ."). Accordingly, substantial evidence does not support the ALJ's finding that Plaintiff's activities of daily living "are inconsistent with her complaints and do not support an inability to perform any work."

Third, the ALJ stated Plaintiff "testified her pain is so severe that epidural injections and nerve blocks are ineffective," but she "admitted she does not take her pain medications consistently on a daily basis" (Tr. 26). Again, the ALJ misrepresents Plaintiff's testimony. Plaintiff testified that she goes to her mother's house every day so that her mother can care for her three year old daughter (Tr. 52). Plaintiff testified she does not take her pain medication until after she gets to her mother's house because she does not want to drive while on the medication as it slows down her response time and makes her loopy. *Id.* Plaintiff also testified that she does not take her pain medication every single day because it causes headaches, and she sometimes switches between Lortab and Percocet (Tr. 53). Plaintiff also testified her pain medications cause nausea and weight loss (Tr. 57). Thus, the ALJ's characterization of Plaintiff as non-compliant is not entirely accurate and ignores the reasonable explanation she provided for not taking her medication. *See Fair,* 885 F.2d at 602 ("[A]n ALJ [may not] rely on the claimant's failure to take pain medication where

13

evidence suggests that the claimant had a good reason for not taking medication." (citing *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984)).

Fourth, the ALJ stated Plaintiff's claim that she is unable to work is inconsistent with the fact that she completed a course in phlebotomy and was able to obtain her phlebotomist certificate in August 2008.  Plaintiff reported she attended the phlebotomy class twice a week for four hours and she brought a pillow and heating pad with her (Tr. 183).  She reported she had to get up several times during the class to walk or stretch her back.  *Id.*  At the hearing, Plaintiff testified she took the class because she hoped to return to work at the hospital where she had worked previously (Tr. 37).  Although she completed the class, she was unable to complete her clinical requirements for employment.  *Id.*  Plaintiff testified she was assigned four-hour clinicals and could only work thirty minutes before having to stop and take breaks, and it was exhausting and painful for her (Tr. 37-38, 183).  "[W]hen claimants attempt to attend school or worship services to lead a normal life, such activities should not be used against them in their claim for disability."  *Maresca v. Astrue*, No. 07-4025, 2008 WL 5744168, at *7 (C.D. Ill. July 15, 2008).  The Court finds Plaintiff's testimony regarding her attempt to become a phlebotomist is not inconsistent with her claim that she is unable to work.  A sporadic ability to work or do certain activities is not inconsistent with finding that a claimant suffers disability.  *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995); *O'sNeal v. Astrue*, No. 3:08-cv-63-J-MCR, 2009 WL 702865, at *8 (M.D. Fla. Mar. 17, 2009).

In sum, the reasons provided by the ALJ for discrediting Plaintiff's pain testimony are not supported by substantial evidence.  The Eleventh Circuit has held a reviewing court "cannot properly find that [an] administrative decision is supported by substantial evidence"

when the ALJ reached his or her conclusion "by focusing upon one aspect of the evidence and ignoring other parts of the record." *McCruter v. Bowen*, 791 F.2d 1544, 1548 ( 11th Cir. 1986); s*ee also Buck v. Astrue*, No. 8:10-cv-980-T-26TBM, 2011 WL 3585863, at *5 (M.D. Fla. July 29, 2011), adopted at 2011 WL 3585956 ("[A]n ALJ cannot pick and choose which evidence supports his decision while disregarding evidence to the contrary."); *Rogers v. Astrue*, No. 3:10-cv-352-J-TEM, 2011 WL 4346567, at * 8 ( M.D. Fla. Sept. 16, 2011) ("[A]n ALJ cannot pick and choose from the evidence in order to support his or her conclusions."). In the instant case, the ALJ focused only on those aspects of Plaintiff's testimony that supported his decision. Plaintiff's testimony, when considering her statements in context and as a whole, is not inconsistent with her claims of disabling pain. Thus, the Court finds the ALJ erred in evaluating Plaintiff's credibility and this case is due to be remanded for further proceedings.[6]

On remand, the Commissioner shall evaluate Plaintiff in accordance with the applicable Regulations and prevailing case law. The additional proceedings should include,

---

[6] The Court notes there is Eleventh Circuit case law that holds, if the ALJ fails to articulate reasons for refusing to credit the claimant's pain testimony, or if the reasons given are not supported by substantial evidence, the claimant's pain testimony must be accepted as true. *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Hale*, 831 F.2d at 1012*; Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991); *see also Douglas v. Comm'r of Soc. Sec.*, 2012 WL 3205473, at *2 (11th Cir. 2012). However, courts examining this issue have been hesitant to adopt *MacGregor's* approach, noting earlier Circuit decisions held the proper course was to remand to the agency if there had been an inadequate credibility determination, and reasoning those earlier decisions control under the prior panel precedent rule of this Circuit. *See Howell v. Astrue*, No. 8:10-cv-2175-T-26TGW, 2011 WL 4002557, at *4-5 (M.D. Fla. Aug. 16, 2011), adopted at 2011 WL 3878365. Additionally, the Eleventh Circuit has recently receded from *MacGregor's* language, citing the prior precedent rule, with respect to treating physician testimony. *See Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011) (per curiam); *Dempsey v. Comm'r of Soc. Sec.*, 454 Fed. Appx. 729, 732 n.5 (11th Cir. 2011) (per curiam).

but are not limited to: re-assessment of the severity of all of Plaintiff's medically terminable impairments; reconsideration of whether Plaintiff's impairments, in combination, meet or equal a listing; reconsideration of Plaintiff's testimony and other evidence of record; reassessment of Plaintiff's RFC; and, if warranted, vocational expert testimony.

### V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[7]

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

---

[7] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record